IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHINA ALARM HOLDINGS
ACQUISITION, LLC and POPE
INVESTMENT, LLC,

    Plaintiffs,

v.                                        Case No. 2:10-2495-SHM-tmp

ING YIM LEUNG ALEXANDER
a/k/a Alex Ing, HOWARD BALLOCH,
and SAMUEL STERN,

    Defendants.

### DEFENDANT ING YIM LEUNG ALEXANDER'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW, the Defendant Ing Yim Leung Alexander a/k/a Alex Ing ("Mr. Ing"), by and through counsel pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and files this Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. Plaintiffs raise claims against Mr. Ing under the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78. It is well-settled that the Exchange Act does not apply extraterritorially but only applies to "domestic transactions." *Morrison v. Nat'l Australian Bank Ltd.*, 130 S.Ct. 2869 (2010). As this Court has determined, the Plaintiffs have failed to allege the existence of a domestic transaction subject to the Exchange Act, and the Complaint against Mr. Ing should be dismissed.

In support of his Motion, Mr. Ing relies upon his Memorandum of Law in Support and the entire record in this cause.

*[Handwritten: July 31, 2013]*

MOTION ALLOWED *[handwritten: without prejudice to the filing, within 30 days of the date of this order, a motion seeking leave to amend to plead with particularity that the Tennessee signature was the one that brought the contract into effect, i.e. was the last signature, if such amendment can be made consistent with Rule 11 of the Federal Rules of Civil Procedure.]*

District Judge *[signature: William G. Young]*